Petition for Rehearing

**Application of Ary VAN DER LELY and Cornelis Johannes Gerardus Bom.**

**Appeal No. 78–611.**

United States Court of Customs and Patent Appeals.

Feb. 15, 1979.

William B. Mason, Mason, Mason & Albright, Arlington, Va., attorneys of record, for appellants.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents; Robert D. Edmonds, of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

PER CURIAM.

Appellants' petition for rehearing under Rule 6.1 is granted to the extent or reconsidering our decision dated December 14, 1978. Our earlier decision, in which we affirmed the decision of the Patent and Trademark Office (PTO) Board of Appeals (board) which had affirmed the examiner's rejection of the appealed claims under 35 U.S.C. § 103, is hereby vacated. The unpublished opinion accompanying our earlier decision is withdrawn. We now reverse the PTO's rejection of the appealed claims.

Rule 6.1 provides that a petition for rehearing shall be limited to and state points of law or fact which the petitioner believes the court has overlooked or misapprehended. Appellants' petition in this case differs from a petition which merely reargues points already considered by the court. Appellants' petition points out for the first time in these proceedings that the primary reference * applied by the examiner and the board is not available as prior art against the appealed claims.

■ That this court can consider whether or not a reference is prior art with respect to an appealed application, even though the issue was not considered by the PTO, is well settled. *In re Schoenewaldt*, 343 F.2d 1000, 52 CCPA 1258, 145 USPQ 289 (1965).

■ The PTO response to appellants' petition states that no opposition is contemplated and further states that the PTO is in agreement with appellants' position that patent No. 3,826,314 is not available as a reference and is not prior art in this case.

Appellants' petition for rehearing is *unusual* in that it brings to light an important fact heretofore admittedly overlooked or misapprehended by both the PTO and the appellants. It is a fact necessary for a correct adjudication of this appeal.

Therefore, the basis for the rejection having been removed, we vacate our earlier

* U.S.Patent No. 3,826,314, issued July 30, 1974, to appellants.

decision and now *reverse* the board's rejection of the appealed claims.

*REVERSED.*